IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSE PERALEZ and MARIO PADILLA, Individually and on behalf of all others similarly situated, | § § § § § Civil Action No. _____ |
| Plaintiff, | § § |
| v. | § JURY TRIAL DEMANDED § |
| EXPRESS DRILLING FLUIDS, LLC and RONNIE D. KING | § § § § COLLECTIVE ACTION |
| Defendants. | § PURSUANT TO 29 U.S.C. § 216(b) § |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Jose Peralez and Mario Padilla bring this action individually and on behalf of all others similarly situated (hereinafter "Plaintiffs and the Putative Class Members") who worked for Express Drilling Fluids, LLC and Ronnie D. King (hereinafter "Defendants" or "Express"), and were not paid for all hours worked at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* to recover overtime wages.

2. Plaintiffs and the Putative Class Members are those similarly situated persons who worked for Express at any time since February 1, 2015 through the final disposition of this matter, and were not paid for all hours worked.

3. Specifically, Defendants automatically deduct thirty (30) minute meal periods from Plaintiffs and the Putative Class Members' daily hours worked despite knowing Plaintiffs and the Putative Class Members routinely worked throughout their designated 30-minute meal periods.

4. Moreover, Defendants intentionally deducts hours worked from Plaintiffs and the Putative Class Members in order to not pay the full and correct amount of overtime.

5. Plaintiffs and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

6. Plaintiffs and the Putative Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

7. The decision by Express not to pay the correct amount of overtime compensation to Plaintiffs and the Putative Class Members was neither reasonable nor in good faith.

8. Express knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

9. Plaintiffs and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

10. Plaintiffs and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

11. Plaintiffs also pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

# II.
# THE PARTIES

12. Plaintiff Jose Peralez ("Peralez") worked for Express within the meaning of the FLSA and within the relevant time-period. Plaintiff Peralez did not receive overtime for all hours worked in excess of forty (40) hours per workweek.[2]

13. Plaintiff Mario Padilla ("Padilla") worked for Express within the meaning of the FLSA and within the relevant time-period. Plaintiff Padilla did not receive overtime for all hours worked in excess of forty (40) hours per workweek.[3]

14. The Putative Class Members are those similarly situated employees who worked for Express and have been subjected to the same illegal pay system under which Plaintiffs Peralez and Padilla worked and was paid.

15. Express Drilling Fluids, LLC ("Express") is a Texas limited liability company, and may be served through its registered agent for service of process: **Ronnie D. King, 5412 Leopard Street, Corpus Christi, Texas 78408**.

16. Ronnie D. King ("King") is the owner of Express Drilling Fluids, LLC and an employer as defined by 29 U.S.C. § 203(d). Along with Defendant Express, Defendant King employed or jointly employed Plaintiffs and the Putative Class Members. Ronnie D. King may be served with process at: **5412 Leopard Street, Corpus Christi, Texas 78408, or wherever he may be found.**

17. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Express Drilling Fluids, LLC and Plaintiffs and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for

---

[2] The written consent of Jose Peralez is attached hereto as Exhibit "A."

[3] The written consent of Mario Padilla is attached hereto as Exhibit "B."

compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

18. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

19. This Court has personal jurisdiction over Express because the cause of action arose within this District as a result of Express's conduct within this District.

20. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Specifically, Express is headquartered in Corpus Christi, Nueces County, Texas, which is located in this District and Division.

22. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

23. Express is located at 5412 Leopard Street, Corpus Christi, Texas 78408 and provides fuels and lubricants to the oil and gas industry throughout the State of Texas.

24. To provide their services, Express employs numerous people—including Plaintiffs and the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the towing and recovery business.

25. Defendants are joint employers pursuant to 229 C.F.R. § 791.2.

26. Specifically, Defendant King dictates the practice goals and what pressing or tactical items need to be done in order to meet the goals of Express and/or their clients.

27. Further, Defendant King manages key internal relationships to Express —that is, he directs the financials of Express and he controls the compensation of Plaintiffs and the Putative Class Members who directly or indirectly report to Defendant King.

28. Moreover, Defendant King has the power to hire and fire Plaintiffs and the Putative Class Members; supervise and control Plaintiffs and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

29. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

30. Plaintiff Peralez worked for Express from approximately March 2017 as a mechanic.

31. As a mechanic, Plaintiff Peralez's primary duties are to repair and maintain the trucks used to deliver fuel and lubricants throughout the State of Texas.

32. Plaintiff Padilla has worked for Express since June 2017 as a helper.

33. As a helper, Plaintiff Padilla's primary duties are to assist the drilling fluids/mud engineer at the drill site.

34. Express paid Plaintiffs and the Putative Class Members either by the hour.

35. Specifically, Plaintiff Peralez was paid $18.00 per hour and Plaintiff Padilla was paid $10.00 per hour.

36. Plaintiffs and the Putative Class Members worked long hours. Specifically, Plaintiffs and the Putative Class Members often worked more than 100 hours per week.

37. Express failure to pay Plaintiffs and the Putative Class Members for all hours worked and the incorrect amount of overtime pay was (and continues to be) a result of a widely applicable, illegal pay practice.

38. Express applied this pay practice despite clear and controlling law that states that non-exempt employees like Plaintiffs and the Putative Class Members must be paid (a) for all hours worked and (b) overtime at one and one-half times the regular rate of pay for all hours worked over forty (40) each workweek.

39. Accordingly, Express's pay policies and practices violated (and continue to violate) the FLSA.

## V.
## CAUSES OF ACTION

**A.  FLSA COVERAGE**

40. All previous paragraphs are incorporated as though fully set forth herein.

41. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR EXPRESS DRILLING FLUIDS, LLC AND/OR RONNIE D. KING, AT ANY TIME FROM FEBRUARY 1, 2015 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

42. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

43. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

44. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises

have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

45. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Express, these individuals provided services for Express that involved interstate commerce for purposes of the FLSA.

46. In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

47. Specifically, Plaintiffs and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for Express and were engaged in vehicle towing and recovery services that were directly essential to the production of goods for Express and related companies. 29 U.S.C. § 203(j).

48. At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

49. In violating the FLSA, Express acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

50. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 41.

51. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Express.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

52. All previous paragraphs are incorporated as though fully set forth herein.

53. Express violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

54. Plaintiffs and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Express's acts or omissions as described herein; though Express is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

55. Moreover, Express knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

56. Express knew or should have known its pay practices were in violation of the FLSA.

57. Express is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

58. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Express to pay overtime in accordance with the law.

59. The decision and practice by Express to not pay overtime was neither reasonable nor in good faith.

60. Accordingly, Plaintiffs and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.  FLSA COLLECTIVE ACTION ALLEGATIONS

61. All previous paragraphs are incorporated as though fully set forth herein.

62. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiffs.

63. Other similarly situated employees have been victimized by Express's patterns, practices, and policies, which are in willful violation of the FLSA.

64. The FLSA Collective Members are defined in Paragraph 41.

65. Express's failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

66. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

67. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

68. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

69. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar workers entitled to overtime at one and one-half times the regular rate for all hours worked over forty (40) hours each workweek.

70. Express has employed a substantial number of similarly situated individuals since February 1, 2015. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the State of Texas.

71. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Express will retain the proceeds of its rampant violations.

72. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

73. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 41 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

Plaintiffs respectfully pray for judgment against Express as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 41 and requiring Express to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiffs (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Express liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

e. For an Order awarding the costs and expenses of this action;

f. For an Order awarding attorneys' fees;

g. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding the Plaintiffs service awards as permitted by law;

i. For an Order compelling the accounting of the books and records of Express, at Express's own expense;

j. For an Order providing for injunctive relief prohibiting Express from engaging in future violations of the FLSA, and requiring Express to comply with such laws going forward; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: February 1, 2018

Respectfully submitted,

**ANDERSON2X, PLLC**

By: /s/ *Clif Alexander*
    **Clif Alexander**
    Federal I.D. No. 1138436
    Texas Bar No. 24064805
    clif@a2xlaw.com
    **Austin W. Anderson**
    Federal I.D. No. 777114
    Texas Bar No. 24045189
    austin@a2xlaw.com
    **Lauren E. Braddy**
    Federal I.D. No. 1122168
    Texas Bar No. 24071993
    lauren@a2xlaw.com
    **Alan Clifton Gordon**
    Federal I.D. No. 19259
    Texas Bar No. 00793838
    cgordon@a2xlaw.com
    **Carter T. Hastings**
    Federal I.D. No. 3101064
    Texas Bar No. 24101879
    carter@a2xlaw.com
    **George Schimmel**
    Federal I.D. No. 2338068
    Texas Bar No. 24033039
    geordie@a2xlaw.com
    819 N. Upper Broadway
    Corpus Christi, Texas 78401
    Telephone: (361) 452-1279
    Facsimile: (361) 452-1284

    ***Attorneys in Charge for Plaintiffs and the Putative Class Members***