UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSE PERALEZ, MARIO PADILLA, CHARLES MEDINA, DAVID ARIAS, DEMITRIO BENAVIDEZ, AND JOSEPH PEREZ,<br><br>*Plaintiffs*,<br><br>v.<br><br>EXPRESS DRILLING FLUIDS, LLC and RONNIE D. KING,<br><br>*Defendants*. | Civil Action No. 2:18-cv-00032<br><br>JURY TRIAL DEMANDED |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiffs Jose Peralez, Mario Padilla, Charles Medina, David Arias, Demetrio Benavidez, and Joseph Perez ("Plaintiffs") and Defendants Express Drilling Fluids, LLC and Ronnie D. King ("Defendants") (Plaintiffs and Defendants are collectively referred to herein as, the "Parties"), file this Joint Motion ("Motion") of Settlement Agreement ("Agreement") filed as Exhibit "1" to this Motion, asking that the Court: (1) approve the Parties' Agreement as expressed therein, filed as Exhibit 1; and (2) dismiss this Lawsuit with Prejudice in a public filing.[1] The Parties respectfully state as follows in support of this Motion:

I.

---

[1] Pursuant to Federal Rule of Civil Procedure 54(d), Plaintiffs' Counsel will file a separate Motion for Attorneys' Fees and Costs after the Court rules on the pending motion. Alternatively, Plaintiffs' counsel will promptly file a Motion for Attorneys' Fees and Costs prior to this Court's decision on the pending motion, at this Court's discretion.

## FACTUAL BACKGROUND

On February 1, 2018, Plaintiffs filed suit against Defendants for the alleged failure to pay them and all others similarly situated overtime compensation for hours worked over 40 in a workweek, in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201–19.[2] ECF No. 1. Plaintiffs allege that despite being non-exempt employees, they were not paid any overtime for hours worked over forty (40) in a single workweek. *See id.* After filing suit, but before Defendants answered, Plaintiffs amended the complaint to include allegations of retaliation, as Defendants terminated a number of Plaintiffs who were involved in the filing of this action.[3] *See* ECF No. 4. Defendant answered this suit on February 28, 2018, denying all allegations and liability. *See* ECF No. 12. The parties exchanged initial disclosures and Plaintiffs served multiple sets of discovery on Defendants, resulting in the production of thousands of records relating to their employment. Based on these records, Plaintiffs' counsel calculated their damages to aid in settlement negotiations.

After ongoing negotiations between the Parties, including a formal mediation with Mediator Jim Upton, the Parties reached an agreement to resolve this litigation on March 19, 2019, and on that same day the Parties filed a Notice of Settlement with this Court. *See* ECF No. 41. The settlement agreement will provide monetary compensation to Plaintiffs and eliminate the risks and expenses both sides would bear should this litigation continue. The Parties believe the settlement, which is memorialized in the Settlement Agreement attached hereto as Exhibit 1, is fair and reasonable and should be approved. Therefore, the Parties respectfully request that the Court sign the Proposed Order Approving the Settlement Agreement and Dismissing this Case With Prejudice.

## II.

---

[2] Although Plaintiffs initially plead this lawsuit as a collective action and filed a Motion to Conditionally Certify a class, Plaintiffs subsequently withdrew their motion and amended their claims to remove the collective action allegations. *See* ECF No. 40.

[3] Defendants denied (and continue to deny) that any discharge was retaliatory in nature.

# THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE.

### A.     A Bona Fide Dispute Exists Between the Parties

Plaintiffs alleged that Defendants violated the FLSA because Defendants failed to pay them the proper amount of overtime compensation due pursuant to the FLSA and/or terminated them in retaliation for pursuing their claims pursuant to the FLSA. While Plaintiffs are confident they would have prevailed on the merits of the liability claim, success was not a certainty and a legitimate dispute existed on the amount of damages, and even if awarded—Plaintiffs ability to collect them. Defendants at all times denied liability for violating Section 207 of the FLSA, asserted multiple affirmative defenses to Plaintiffs' claims, and challenged the alleged hours worked. Defendants also hotly contested that retaliatory discharge occurred, and contend that any negative employment action was the result of a non-retaliatory employment issues between Plaintiffs and Defendants.

### B.     The Settlement Agreement in this Case is Fair and Reasonable

The Court presiding over an FLSA action may approve a proposed settlement of the action under Section 216(b) after scrutinizing the settlement for fairness. *See Dyson v. Stuart Petro. Testers, Inc.*, No. 1:15-cv-282, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) ("[T]he Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages."). Although the class action provision of Federal Rule of Civil Procedure 23 does not apply to collective actions brought pursuant to the FLSA, Rule 23 is similar in that it requires court approval to finalize a class action settlement. *See id.* In this case, settlement approval is not sought on a collective basis as each Plaintiff has individually agreed to—and executed—the settlement agreement at issue.

However, the parties will address the terms of the settlement agreement in the context of the "fair and reasonable standard" set forth by Federal Rule of Civil Procedure 23(e). *Id.*

In the Fifth Circuit, district courts are instructed to consider six factors when evaluating he proposed settlement agreement for class actions:

> (1) Whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the state of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Id.* (quoting *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)). "Significant weight is given to the opinion of class counsel concerning whether the settlement is in the best interests of the class and the court is not to substitute its own judgement for that of counsel." *Marcus v. J.C. Penny Co., Inc.*, No. 6:13-cv-736, 2017 WL 6590976, at *3 (E.D. Tex. Dec. 18, 2017) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

Here, the six-factor standard supports approval of the settlement agreement. Plaintiff's counsel has extensive experience litigating FLSA claims and there is no fraud or collusion. Wage and hour cases are expensive and time-consuming, and therefore the expense and likely duration of continued litigation favor approval. The parties engaged in legal research, document review, and data analysis and performed due diligence before beginning to negotiate a settlement in good faith. The issues pertinent to Plaintiffs' claims and Defendants' defenses were well understood and the Parties recognized that the outcome of litigating the case would be uncertain while the risks of continued litigation would be high. Finally, counsel on both sides support the settlement, as do Plaintiffs themselves.

1. *The Absence of Fraud or Collusion in the Settlement Favors Approval*

An initial presumption exists that a settlement is fair where counsel for the parties negotiate the settlement at arm's length. *Murillo v. Texas A&M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D. Tex. 1996).

4

Settlement of this litigation was achieved through both a formal and informal resolution process and involved multiple offers and counter offers before the Parties agreed on the settlement terms. The Parties took appropriate steps in negotiating the comprehensive settlement agreement, which includes payment to Plaintiffs and payment for Plaintiffs' attorneys' fees and expenses. There is no indicia of fraud or collusion.

    2.    *The Complexity, Expense, and Likely Duration of this Case, Were it Not to Settle, Favor Settlement*

The complexity, expense, and duration of this case (were it not to settle at this time) are significant factors that all favor settlement. If the Parties had not been able to resolve the claims at issue through compromise, this litigation would likely continue because the Parties continue to disagree regarding the merits of Plaintiffs' claims, the identity of appropriate employers, and the amount of damages. Absent the negotiated settlement agreement before this Court, the Parties would have litigated these claims through trial and appeal. Thus, the Parties will incur substantial additional legal fees and expenses if this case is not settled. Given the complexities of the claims at issue and the expense and extended duration of continuing litigation, settlement is in the interests of Plaintiffs, Defendants, and judicial economy.

    3.    *The Discovery Taken by the Parties Favors Approval of the Settlement*

The Parties engaged both exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26. Plaintiffs further served multiple sets of written discovery on Defendants and received over 1,000 responsive documents. The Parties undertook independent factual investigation of Plaintiffs' claims and analyzed the legal issues at hand. Based on the records provided, it was unclear whether the Plaintiffs were paid the correct amount of overtime for all hours worked; Plaintiffs contended that the documents failed to account for alleged time-shaving and Defendants contended that the documents conclusively established that all overtime compensation was appropriately paid. Likewise, on the retaliation claims, while Plaintiffs contend that the timing of their termination is a

strong indica of retaliation, Defendants contend that there were significant non-retaliatory reasons for each questioned termination. Accordingly, the discovery taken by the Parties favors approval of the settlement because it highlights that there remain contested questions of fact on the issue of liability itself.

    4.    *The Uncertainty of this Litigation Favors Settlement*

Plaintiffs and Defendants are well aware of the uncertainty associated with litigation. While Plaintiffs are confident in their claims, they also understand that the claims in this case may prove to be unsuccessful, and that collection of any future judgment or award may itself prove problematic. Accordingly, Plaintiffs strongly prefer the certainty of the proposed settlement, payable shortly after court approval according to the settlement documents, to the risks and costs associated with continued litigation. Likewise, Defendants understand the risk of litigating the claims at issue and prefer the certainty of the proposed settlement to the risks and costs associated with continued litigation.

    5.    *The Available Range of Recovery and the Uncertainty of Damages Favor Settlement*

It is not disputed that Plaintiffs were paid overtime by Defendants, however, Plaintiffs contended that they were not paid *all* of their overtime compensation. Because the documentary evidence either does not support Plaintiffs claims, or directly contradicts Plaintiffs' claims, Plaintiffs' potential recovery for the unpaid overtime is not significant. Plaintiffs' retaliatory damages could include liquidated damages, compensatory damages, reinstatement for front pay, and compensatory damages for emotional distress. *See Little v. Tech. Spec. Prod., LLC*, 940 F. Supp. 2d 460, 479 (E.D. Tex. 2013). Because all Plaintiffs with retaliation claims—Jose Peralez, Mario Padilla, David Arias, and Demetrio Benavidez, Jr.—were able to find subsequent employment shortly after their terminations, their potential damages for their retaliation claims were limited. Defendants assert that Plaintiffs are not entitled to any damages at all. Accordingly, the settlement amounts are well within the available

range of recovery, and the uncertainty of the damages (and the uncertainty of collection) favor settlement.

The risk that Defendants would prevail on their defenses favors settlement. On the other hand, settlement is equally in Defendants' best interest because the costs of proceeding through trial on the merits are excessive considering the amount of damages at issue. Further, should Plaintiffs prevail on their claims, Defendants would be liable not only for their own costs through trial, but also for the fees and costs of Plaintiffs' counsel. Accordingly, the Parties agree that this settlement is in their best interest.

6. *The Opinions of All Parties and Counsel Favor Settlement*

The lawyers of Anderson Alexander, PLLC have litigated almost 300 individual, collective, and class action wage and hour cases of all types and have recovered millions of dollars in these cases on behalf of workers across the United States. Based on this experience, Plaintiffs' attorneys can confidently report to the Court that this prong is met. After intense settlement negotiations, an arms-length settlement was reached that, in the view of Plaintiffs' counsel, affords the Plaintiff with significant and meaningful financial benefits and provides a certainty for payment. Importantly, there are no absent class members to take into consideration in analyzing this factor. Each Plaintiff has signed the attached settlement agreement and affirmatively asks this Court to approve it.

Further, Defendants, upon the advice of their counsel, agree that this settlement is in their best interest and seek approval of the Settlement Agreement.

## III.
## PRAYER

WHEREFORE, the Parties respectfully request that the Court review the Agreement attached as Exhibit 1; approve the Agreement as a fair and reasonable compromise and dismiss the Lawsuit with Prejudice as to Plaintiffs and Defendants.

Date: April 29, 2019

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Austin W. Anderson*
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys for Plaintiffs*

*signature*

Robert L. Ramey
Texas Bar No. 16498000
Federal I.D. No. 317
robertlramey@att.net
615 North Upper Broadway, Suite 1605
Corpus Christi, Texas 78401
Telephone: 361-882-5484
Facsimile: 361-882-5486

***Attorney for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Austin W. Anderson*
Austin W. Anderson