Case 2:18-cv-00032   Document 46   Filed on 02/04/20 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
February 04, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSE PERALEZ, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL NO. 2:18-CV-32 |
| § | |
| EXPRESS DRILLING FLUIDS, LLC, *et al*, § | |
| § | |
| Defendants. § | |

# **MEMORANDUM AND ORDER**

The Court is in receipt of the Parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice. Dkt. No. 43. The Court is also in receipt of Plaintiff's Unopposed Motion to Approve an Award of Attorneys' Fees and Litigation Costs, Dkt. No. 45. For the reasons discussed below, the Court **APPROVES** of the settlement and award of attorney's fees, Dkt. Nos. 43, 45.

## I. Background

Plaintiffs Jose Peralez ("Peralez") and Mario Padilla ("Padilla") are workers who filed suit February 1, 2018 against oil and gas service provider Express Drilling Fluids, LLC ("Express") and associated persons. Dkt. No. 1. Peralez and Padilla filed a collective action on behalf of themselves and other similarly situated employees for an alleged failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq*. Four other workers joined the litigation: David Arias, Demetrio Benavidez Jr., Charles Medina and Joseph Perez. Dkt. No. 43-1 at 2. The Parties filed a notice of settlement on March 3, 2019. Dkt. No. 41.

## II. Settlement

The Parties state they engaged in initial discovery disclosures and Plaintiffs served written discovery on Defendants producing over 1,000 responsive documents. Dkt. No. 43 at 5. Plaintiffs also amended their complaint several times. Dkt. No. 43

at 2. The Parties attended a formal mediation with Mediator Jim Upton. *Id.* The Parties state factors favoring settlement include: an absence of fraud; the potential length of the case; the discovery already undertaken; uncertainty of litigation; Plaintiffs' limited available range of recovery; the experienced opinions of counsel. Dkt No. 43 at 3-7. The settlement includes Defendants agreement to pay $16,000 to Plaintiffs, half allocated as back wages and half allocated as interest and liquidated damages. Dkt. No. 43-1 at 5. The agreement includes a general release of claims by Plaintiffs. *Id.* at 3. The agreement also provides a separate $7,000 for attorney's fees and costs paid by Defendants. *Id.* at 6.

### III. Settlement Legal Standard

Courts may approve FLSA settlement agreements only if they reflect "a fair and reasonable compromise of a bona fide dispute under the FLSA." *Beardslee v. Randalls Food & Drugs LP*, No. H-09-1200, 2009 WL 1957714, at *1 (S.D. Tex. July 7, 2009). When scrutinizing an FLSA settlement agreement, courts first look to the existence of a bona fide dispute. *Villeda v. Landry's Restaurant, Inc.*, No. H-08-2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009). A bona fide dispute as to liability exists where the evidence in the record is inconclusive as to the hours worked or the amount of compensation owed. *Sandlin v. Grand Isle Shipyard, Inc.*, No. 17-10083, 2018 WL 2065595, at *6 (E.D. La. May 3, 2018). For example, parties may point to conflicting evidence in the record as to the hours worked or wages owed[1] or evidence demonstrating that it is impossible to determine those amounts.[2] Submission of the settlement agreement containing conclusory language stating the release of claims in exchange for a certain amount, without more, is insufficient to prove a bona fide dispute.[3]

---

[1] *See Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d 608, 632 (W.D. Tex. 2005) (finding bona fide dispute where plaintiff maintained in his statement that he was owed over $3,000 in overtime compensation and defendants presented conflicting evidence that plaintiff was owed only $509.06).

[2] *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255 (5th Cir. 2012) (finding bona fide dispute where evidence included union representative's conclusion that "it would be impossible to determine" actual hours worked).

[3] *See Lopez v. S. Arch, LLC*, No. 15-6302, 2016 WL 3617671, at *5 (E.D. La. July 6, 2016) (finding no bona fide dispute where parties only offered as evidence the settlement agreement containing "broad,

Courts then look to whether the proposed settlement is a fair and reasonable compromise over the issues. "If the settlement reflects 'a reasonable compromise over the issues,' the court may approve it." *Villeda*, 2009 WL 3233405, at *1. (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)); *see also Jarrard v. Se. Shipbuilding Corp.*, 163 F.2d 960 (5th Cir. 1947).

"Although the class-action provisions of Federal Rule of Civil Procedure 23 technically do not apply to collective actions under the FLSA, Rule 23(e) is similar because it requires a court approval to finalize a proposed class action settlement." *Sims v. Hous. Auth. City of El Paso*, No. EP-10-CV-109, 2012 WL 10862119, at *3 (W.D. Tex. Feb. 29, 2012). Under Rule 23, a court considers six factors in evaluating whether a settlement is "fair, adequate, and reasonable": (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of plaintiffs prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members. *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983); *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982). Accordingly, the Court will rely on these factors as guidance in determining whether the proposed FLSA settlement is a "fair and reasonable" compromise over the issues.

## IV. Settlement Analysis

### a. Bona Fide Dispute

The Parties have shown that while Defendant paid some overtime hours there is a genuine dispute over the amount of overtime and a dispute over retaliatory discharge. Dkt. No. 43 at 3, 6. Additionally, Defendants have denied liability and asserted multiple affirmative defenses. *Id.* The Court concludes the Parties' settlement is over a bona fide dispute. *See Martin*, 688 F.3d at 255.

---

boilerplate language" stating that plaintiff released all claims and acknowledged that he is entitled to receive no other payments from Defendants besides his $500 settlement).

Accordingly, the Court will proceed to examine whether the proposed settlement is a fair and reasonable compromise over the issues.

### b. Fair and Reasonable

As stated above, this Court examines (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of plaintiffs prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members. *Reed*, 703 F.2d at 172; *Parker*, 667 F.2d at 1209.

1) The Court finds that because parties are represented by counsel and reached their proposed settlement through discovery and mediation there is no concern for fraud or collusion. *See* Dkt. No. 43 at 4.
2) The Court finds the case is relatively complex compared with the range of potential recovery, so this factor also weighs towards a reasonable settlement. *See id.* at 5.
3) The Parties have engaged in initial disclosures and discovery, factors that indicate a reasonable settlement. *See id.*
4) The uncertainty of litigation demonstrated by the facts stated also favors settlement. *See id.* at 6.
5) The limited range of recovery for Plaintiffs based on unfavorable evidence also supports settlement. *See id.*
6) The advice of experienced counsel also indicates a reasonable settlement. *See id.* at 7.

Although these factors are not dispositive, the Court concludes that the settlement is a fair and reasonable settlement of Plaintiffs' bona fide FLSA dispute. *See* Dkt. No. 43; *Reed*, 703 F.2d at 172; *Martin*, 688 F.3d at 255. The Court **APPROVES** of the settlement agreement.

### V. Attorney's Fees

Plaintiffs' counsel moves for attorney's fees in the amount of $7,000. In support of the motion, counsel provided a declaration with the details of billed hours for

each attorney who worked on the case. Dkt. No. 45-1. Counsel state that the lodestar amount of the case is $29,720, but they are accepting a much lower fee in the interests of settlement. Dkt. No. 45 at 10. Counsel also provided documentary support of their hourly rate and approval of similar percentages of recoveries in FLSA cases. Dkt. Nos. 45-1, 42-2, 45-3, 45-4, 45-5, 45-6, 45-7, 45-8.

## VI.    Attorney's Fees Legal Standard

Under the FLSA, courts "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendant, and costs of action." 29 U.S.C. § 216(b). In the Fifth Circuit "'[r]easonable attorney's fees are mandatory' when a court finds that an employer has violated § 206." *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016). This requirement includes a determination of reasonable attorney's fees as part of an approval of a settlement. *Strong v. BellSouth Telecommunications, Inc.*, 137 F.3d 844, 848 (5th Cir. 1998); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 728 (E.D. La. 2008). Applicants bear the burden of establishing that the fees and costs are reasonable. *See Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002).

The Fifth Circuit uses the lodestar method to assess attorney's fees. *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220, 228 (5th Cir. 2008). The computation of a reasonable attorney's fee award is a two-step process. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (1995). First, the court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. *Id.* The total of reasonable hours expended is multiplied by the reasonable hourly rates, and the product of this multiplication is the "lodestar." *Id.* Second, there exists a strong presumption of the reasonableness of the "lodestar" amount, but a reasonable fee is not intended to produce windfalls to attorneys. *Purdue v. Kenny A.*, 559 U.S. 542, 553-54 (2010).

"The party seeking attorneys' fees must present adequately documented time records to the court." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). A reasonable hourly rate should be determined based on "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably

comparable skills, experience, and reputation." *Rangel v. Gonzalez Mascorro,* 274 F.R.D. 585, 596 (S.D. Tex. 2011).

VII. **Attorney's Fees Analysis**

Plaintiffs counsel has presented adequate support for their billing rate and the prevailing marking rate in their community. *See* Dkt. Nos. 45, 45-1, 42-2, 45-3, 45-4, 45-5, 45-6, 45-7, 45-8; *Rangel,* 274 F.R.D. at 596.

Plaintiffs' counsel has presented detailed time records for their billing hours. Dkt. No. 45-1. After a review of these records, the Court finds they are sufficient to document reasonable hours expended in the case. *See id*; *Watkins*, 7 F.3d at 457. The Court did not find evidence of unproductive, excessive, or inadequately documented hours. *See id.*

In light of the reasonable billing rate and reasonable billing hours, the Court finds the lodestar amount in this case is $21,750. *See* Dkt. No. 45-1. The Court **GRANTS** Plaintiffs' counsel's motion for attorney's fees in the amount of $7,000, far below the lodestar.

VIII. **Conclusion**

For the foregoing reasons after reviewing the settlement filings and the law, the Court **GRANTS** the Parties' motion and **APPROVES** the settlement, Dkt. No. 43. The Court also **GRANTS** the motion for attorney's fees and **APPROVES** of the award of attorney's fees in the amount of $7,000, Dkt. No. 45.

Pursuant to the joint stipulation of the Parties, the Court dismisses the action with prejudice and **ORDERS** the Clerk of the Court to close the case. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).

SIGNED this 4th day of February, 2020.

_____
Hilda Tagle
Senior United States District Judge